(Official Form 1) (04/07)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| **Najdowski, William C.** | |

Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No.:

**9483**

| Street Address of Debtor (No. & Street, City, State & Zip Code): | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
|---|---|
| **925 Oakton Street**<br>**Park Ridge, IL**   ZIP CODE **60068** | ZIP CODE |

County of Residence or of the Principal Place of Business:

**Cook**

| Type of Debtor | Nature of Business | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box) |
|---|---|---|
| [X] Individual | | [X] Chapter 7 |

**Nature of Debts**

[X] Debts are primarily consumer

**Filing Fee**

[X] Full Filing Fee attached

**Statistical/Administrative Information**

[X]

[X]

VOLUNTARY PETITION

FORM B1

Voluntary Petition

Prior Bankruptcy Case Filed Within Last 8 Years

Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor

Exhibit A

Exhibit B

Exhibit C

Exhibit D

Information Regarding the Debtor - Venue

Statement by a Debtor Who Resides as a Tenant of Residential Property

Address of Landlord

(Official Form 1) (04/07)                                                                FORM B1, Page

Voluntary Petition                                    Name of Debtor(s):
*(This page must be completed and filed in every case)*        Najdowski, William C.

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

*William C. Najdowski*
William C. Najdowski

12 / 16 / 2008

| Signature of Attorney | Signature of Non-Attorney Petition Preparer |
|---|---|

David C. Tokoph, Esq. #6192687

David C. Tokoph & Associates

950 N. Milwaukee Avenue #212

Glenview, IL 60025

(847)-239-3362

Signature of Debtor (Corporation/Partnership)

Official Form 1. Exhibit D (10/06)

**United States Bankruptcy Court**
**Northern District of Illinois**

IN RE:                                                                          Case No. _____

Najdowski, William C.                                          Chapter ___7___

Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]*

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.); ·

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

I certify under penalty of perjury that the information provided above is true and correct.

Signature of Debtor: _____
                      William C. Najdowski

Date: _____

EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE

© 1993-2006 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

In re: Najdowski, William C.
XXX-XX-9483

Case No. _____

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 925 Oakton Street Park Ridge, IL 60068 | Single Family Home | J | 350,000.00 | 247,700.00 |

TOTAL »   |   350,000.00 |

In re: Najdowski, William C.
    XXX-XX-9483

Case No. _____

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1. Cash on hand. | Cash on hand | | 50.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | Glenview State Bank checking acc.($200), 1st Bank & Trust checking acc. ($250), CitiBank checking acc. ($400) | J | 850.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | NONE | | 0.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | Misc. household furniture & appliances | J | 1,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | NONE | | 0.00 |
| 6. Wearing apparel. | Misc. clothing | | 200.00 |
| 7. Furs and jewelry. | NONE | | 0.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | NONE | | 0.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | NONE | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | NONE | | 0.00 |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | IRA | | 103,000.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | NONE | | 0.00 |
| 13. Interests in partnerships or joint ventures. Itemize. | NONE | | 0.00 |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | NONE | | 0.00 |
| 15. Accounts Receivable. | NONE | | 0.00 |
| 16. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled. Give particulars. | NONE | | 0.00 |
| 17. Other liquidated debts owing debtor including tax refunds. Give details. | NONE | | 0.00 |

In re: Najdowski, William C.
    XXX-XX-9483

Case No. _____

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in the Schedule of Real Property. | NONE | | 0.00 |
| 19. Contingent and non-contingent interest in estate of a decedent, death benefit plan, life insurance policy, or trust. | NONE | | 0.00 |
| 20. Other contingent and unliquidated claims of any nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | NONE | | 0.00 |
| 21. Patents, copyrights, and other intellectual property. Give estimated value of each. | NONE | | 0.00 |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | NONE | | 0.00 |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | 1999 Chevy Malibu | | 500.00 |
| 24. Boats, motors, and accessories. | NONE | | 0.00 |
| 25. Aircraft and accessories. | NONE | | 0.00 |
| 26. Office equipment, furnishings, and supplies. | NONE | | 0.00 |
| 27. Machinery, fixtures, equipment, and supplies. | NONE | | 0.00 |
| 28. Inventory. | NONE | | 0.00 |
| 29. Animals. | NONE | | 0.00 |
| 30. Crops - growing or harvested. Give particulars. | NONE | | 0.00 |
| 31. Farming equipment and implements. | NONE | | 0.00 |
| 32. Farm supplies, chemicals, and feed. | NONE | | 0.00 |
| 33. Other personal property of any kind not already listed. Itemize. | NONE | | 0.00 |

TOTAL »    105,600.00

In re: Najdowski, William C.                                    Case No. _____
       XXX-XX-9483

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

[ ] 11 U.S.C. § 522(b)(1)    Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

[X] 11 U.S.C. § 522(b)(2)    Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| 1999 Chevy Malibu | 735 ILCS 5/12-1001(c) | 500.00 | 500.00 |
| 925 Oakton Street Park Ridge, IL 60068 | 735 ILCS 5/12-901 | 15,000.00 | 350,000.00 |
| Cash on hand | 735 ILCS 5/12-1001(b) | 50.00 | 50.00 |
| Glenview State Bank checking acc.($200), 1st Bank & Trust checking acc. ($250), CitiBank checking acc. ($400) | 735 ILCS 5/12-1001(b) | 850.00 | 850.00 |
| IRA | 735 ILCS 5/12-1006 | 103,000.00 | 103,000.00 |
| Misc. clothing | 735 ILCS 5/12-1001(a),(e) | 200.00 | 200.00 |
| Misc. household furniture & appliances | 735 ILCS 5/12-1001(b) | 1,000.00 | 1,000.00 |

# TOTALS BY EXEMPTION LAW

| EXEMPTION LAW | HUSBAND | WIFE | JOINT | COMMUNITY | EXEMPTION TOTAL | MARKET VALUE TOTAL |
|---|---|---|---|---|---|---|
| 735 ILCS 5/12-1001(a),(e) | 0.00 | 0.00 | 0.00 | 0.00 | 200.00 | 200.00 |
| 735 ILCS 5/12-1001(b) | 0.00 | 0.00 | 1,850.00 | 0.00 | 1,900.00 | 1,900.00 |
| 735 ILCS 5/12-1001(c) | 0.00 | 0.00 | 0.00 | 0.00 | 500.00 | 500.00 |
| 735 ILCS 5/12-1006 | 0.00 | 0.00 | 0.00 | 0.00 | 103,000.00 | 103,000.00 |
| 735 ILCS 5/12-901 | 0.00 | 0.00 | 15,000.00 | 0.00 | 15,000.00 | 350,000.00 |

In re: Najdowski, William C.
XXX-XX-9483

Case No. _____

# Schedule D - Creditors Holding Secured Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | CLAIM DATE, NATURE OF LIEN, DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|
| ACCOUNT NO. 0601413383<br><br>GMAC Motgage<br>POB 9001719<br>Louisville, KY 40290-1719 | NO | | Mortgage Loan<br><br>925 Oakton Street<br>Park Ridge, IL 60068<br><br>VALUE $    350,000.00 | | 192,700.00 | 0.00 |
| ACCOUNT NO. 0601413383<br><br>Indymac Bank<br>POB 78826<br>Phoenix, AZ 85062-8826 | NO | | Home Equity Loan<br><br>925 Oakton Street<br>Park Ridge, IL 60068<br><br>VALUE $        0.00 | | 55,000.00 | 55,000.00 |

Subtotal»
(Total of this page)    247,700.00

TOTAL »    247,700.00

Schedule D - Page 1 of 1

In re: Najdowski, William C.                              Case No. _____
        XXX-XX-9483

# Schedule E - Creditors Holding Unsecured Priority Claims

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

# Types of Priority

## [ ] Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement
of the case but before the earlier appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

## [ ] Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and
commissions owing to qualifying independent sales representatives, up to a maximum of $4000* per person,
earned within 90 days immediately preceding the filing of the original petition, or the cessation of
business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

## [ ] Contributions to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing
of the original petition, or the cessation of business, whichever occurred first, to the extent provided in
11 U.S.C. § 507(a)(4).

## [ ] Certain farmers and fishermen

Claims of certain farmers and fishermen, up to a maximum of $4000* per farmer or fisherman, against the
debtor, as provided in 11 U.S.C. § 507(a)(5).

## [ ] Deposits by individuals

Claims of individuals up to a maximum of $1800* for deposits for the purchase, lease, or rental of property
or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. §
507(a)(6).

## [ ] Alimony, Maintenance, or Support

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the
extent provided in 11 U.S.C. § 507(a)(7).

## [ ] Taxes and Other Certain Debts Owed to Governmental Units

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in
11 U.S.C. § 507(a)(8).

## [ ] Commitments to Maintain the Capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of
the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to
maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

## [ ] Other Priority Debts

In re: Najdowski, William C.
XXX-XX-9483

Case No. _____

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO. 327340899          NO<br><br>Advocate Lutheran General Hospital<br>POB 73208<br>Chicago, IL 60673-7208 | | | Hospital bill | | 2,825.00 |
| ACCOUNT NO. 749 74258 8127 80          NO<br><br>Bank Of America<br>POB 15102<br>Wilmington, DE 19886-5102 | | | Consumer Credit<br>Other Account #4264 2944<br>6884 4602 | | 82,200.00 |
| ACCOUNT NO. 4266 9020 2134 0474          NO<br><br>Chase Cardmember Service (Disney)<br>POB 15153<br>Wilmington, DE 19886-5153 | | | Consumer Credit<br>Other Account #4266 9020<br>2713 6819 | | 30,300.00 |
| ACCOUNT NO. 5466 1600 1879 4030          NO<br><br>Citi Cards<br>POB 688918<br>Des Moines, IA 50368-8918 | | | Consumer Credit | | 4,200.00 |
| ACCOUNT NO. 437361          NO<br><br>FCI<br>3703 W. Lake Avenue<br>Glenview, IL 60025 | | | Doctor bill | | 3,308.00 |
| ACCOUNT NO. 61394          NO<br><br>North Suburban Gastroenterology<br>950 N. Northwest Highway<br>Park Ridge, IL 60068 | | | Doctor bill | | 397.00 |
| ACCOUNT NO. 5409444904          NO<br><br>Quest Diagnostics<br>POB 64804<br>Baltimore, MD 21264-4804 | | | Doctor bill | | 382.00 |

Subtotal »      123,612.00
(Total of this page)

In re: Najdowski, William C.                                    Case No. _____
XXX-XX-9483

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO. 5121 0750 0683 6782   NO<br><br>**Sears Credit Cards**<br>**POB 183082**<br>**Columbus, OH 43218-3082** | | | Consumer Credit | | 150.00 |
| ACCOUNT NO. 79586   NO<br><br>**The Center For Advanced Cardiolo**<br>**1875 Dempster Street #555**<br>**Park Ridge, IL 60068** | | | Doctor bill | | 550.00 |

|  |  |
|---|---|
| Subtotal » (Total of this page) | 700.00 |
| TOTAL » | 124,312.00 |

In re: Najdowski, William C.                                    Case No. _____
      XXX-XX-9483

# Schedule G - Executory Contracts and Unexpired Leases

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| NONE | |

In re: Najdowski, William C.                                    Case No. _____
        XXX-XX-9483

# SCHEDULE H - CODEBTORS

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| NONE | |

In re: Najdowski, William C.                                    Case No. _____
      XXX-XX-9483

# Schedule I - Current Income of Individual Debtor(s)

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | | | |
|---|---|---|---|---|
| Debtor's Age:  63<br>Spouse's Age: | NAMES<br>**NONE** | | AGE | RELATIONSHIP |
| EMPLOYMENT: | DEBTOR | | SPOUSE | |
| Occupation | **Retired** | | | |
| How long employed | | | | |
| Name and Address of Employer | | | | |

Income: (Estimate of average monthly income)                          DEBTOR              SPOUSE

| | | |
|---|---|---|
| Current monthly gross wages, salary, and commissions<br>  (pro rate if not paid monthly)<br>Estimated monthly overtime | $          0.00<br>$          0.00 | $<br>$ |
| SUBTOTAL | $          0.00 | $ |
|   LESS PAYROLL DEDUCTIONS<br>    a.) Payroll taxes and social security<br>    b.) Insurance<br>    c.) Union dues<br>    d.) Other (**Life**) | $        325.00<br>$        258.00<br>$          4.00<br>$        506.00 | $<br>$<br>$<br>$ |
|   SUBTOTAL OF PAYROLL DEDUCTIONS | $      1,093.00 | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | $     -1,093.00 | $ |
| Regular income from operation of business, profession or farm<br>  (attach detailed statement) | $          0.00 | $ |
| Income from real property | $          0.00 | $ |
| Interest and dividends | $          0.00 | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $          0.00 | $ |
| Social security or other government assistance<br>  (Specify) | $          0.00 | $ |
| Pension or retirement income | $      2,595.00 | $ |
| Other monthly income<br>  (Specify) | $          0.00 | $ |
| TOTAL MONTHLY INCOME | $      1,502.00 | $ |

TOTAL COMBINED MONTHLY INCOME      $      1,502.00

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

       **NONE**

In re: Najdowski, William C.                                    Case No. _____
XXX-XX-9483

# Schedule J - Current Expenditures of Individual Debtor(s)

[ ] Check this box if a joint petition is filed and debtor's spouse maintains a separate household.
    Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,200.00 |
|     Are real estate taxes included?      [X] Yes     [ ] No | | |
|     Is property insurance included?       [ ] Yes     [X] No | | |
| Utilities:  Electricity and heating fuel | $ | 250.00 |
|     Water and sewer | $ | 75.00 |
|     Telephone | $ | 100.00 |
|     Other: | $ | 0.00 |
| Home Maintenance (Repairs and upkeep) | $ | 50.00 |
| Food | $ | 200.00 |
| Clothing | $ | 75.00 |
| Laundry and dry cleaning | $ | 10.00 |
| Medical and dental expenses | $ | 50.00 |
| Transportation (not including car payments) | $ | 75.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 25.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments): | | |
|     Homeowner's or renter's | $ | 0.00 |
|     Life | $ | 0.00 |
|     Health | $ | 0.00 |
|     Auto | $ | 100.00 |
|     Other: | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| Installment payments (In chapter 12 & 13 cases, do not list payments to be included in the plan) | | |
|     Auto | $ | 0.00 |
|     Other: | $ | 0.00 |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed stmt) | $ | 0.00 |
| Other: | $ | 0.00 |

| | | |
|---|---|---|
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 3,210.00 |

(FOR CHAPTER 12 and 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly,
annually, or at some other regular interval.
A. Total projected monthly income
B. Total projected monthly expenses
C. Excess income (A minus B)
D. Total amount to be paid into plan each

# UNITED STATES BANKRUPTCY COURT

Northern District
Eastern Division

In re: Najdowski, William C.
XXX-XX-9483

Case No. _____
Chapter  7

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | 350,000.00 | | |
| B - Personal Property | YES | 2 | 105,600.00 | | |
| C - Property Claimed As Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | 247,700.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | 124,312.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | 1,502.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | 3,210.00 |
| Total Number of sheets in ALL Schedules » | | 12 | | | |
| Total Assets » | | | 455,600.00 | | |
| Total Liabilities » | | | | 372,012.00 | |

Official Form 6 - Statistical Summary (10/06)

## United States Bankruptcy Court
## Northern District of Illinois

IN RE:                                                              Case No. _____

  _____Najdowski, William C._____        Chapter **7**
                    Debtor(s)

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | | Amount |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | $ | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $ | 0.00 |
| Student Loan Obligations (from Schedule F) | $ | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0.00 |
| **TOTAL** | $ | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 2595 |
| Average Expenses (from Schedule J, Line 18) | $ 3210 |
| Current Monthly Income (from Form 22A Line 12; **OR,** Form 22B Line 11; **OR,** Form 22C Line 20 ) | $ 2595 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 247,700 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0 |
| 4. Total from Schedule F | | $ 123,936 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 371,636 |

STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

In re: Najdowski, William C.                                    Case No. _____
    XXX-XX-9483                                                Chapter  7

# Declaration Concerning Debtor's Schedules

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

   I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   12 sheets plus the summary page, and that they are true and correct to the best of my knowledge, information and belief.


Date _12/16/2008_                              Signature _William C. Najdowski_
                                                          William C. Najdowski

--------------------------------------------------------------------------------

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF CORPORATION OR PARTNERSHIP


**(NOT APPLICABLE)**

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C § 152 and 3571.

UNITED STATES BANKRUPTCY COURT

Northern District
Eastern Division

In re: Najdowski, William C.
    XXX-XX-9483

Case No. _____
Chapter  7

# FORM 7. STATEMENT OF FINANCIAL AFFAIRS

## 1. Income from employment or operation of business

None
[X]

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 2. Income other than from employment or operation of business

None
[ ]

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 31,288.00 | Pension  (2006) |
| 31,140.00 | Pension  (2007) |
| 31,140.00 | Retirement Annuity  (2007) |
| 31,140.00 | Pension  (2008) |

## 3. Payments to creditors

None
[ ]

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Bank Of America<br>POB 15102<br>Wilmington, DE 19886 | Last 90 days | 870.00 | 30,500.00 |
| Bank Of America Gold Option<br>POB 15102<br>Wilmingotn, DE 19886 | Last 90 days | 847.00 | 52,200.00 |
| Chase<br>POB 15153<br>Wilmington, DE 19886 | Last 90 days | 1,482.00 | 30,300.00 |

None
[X]

b.   List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None
[X]

a.   List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

b.   Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

None
[X]

     List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 6. Assignments and receiverships

None
[X]

a.   Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

b.   List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None
[X]

     List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None
[X]

     List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None
[ ]

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Consumer Credit Counseling Services 1003 Martin Luther King Drive Bloomington, IL 61701 | 12/08 | Fifty Dollars |

## 10. Other transfers

None
[X]

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 11. Closed financial accounts

None
[X]

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 12. Safe deposit boxes

None
[X]

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 13. Setoffs

None
[X]

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 14. Property held for another person

None
[X]

List all property owned by another person that the debtor holds or controls.

## 15. Prior address of debtor

None
[X]

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of
financial affairs and any attachments thereto and that they are true and correct.

Date _____                          Signature _____
                                                              William C. Najdowski

## UNITED STATES BANKRUPTCY COURT

### Northern District
### Eastern Division

In re: Najdowski, William C.
　　　XXX-XX-9483

Case No. _____
Chapter  7

## STATEMENT OF ATTORNEY FOR PETITIONER
## PURSUANT TO BANKRUPTCY RULE 2016(b)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

(1) The undersigned is the attorney for the debtor(s) in this case.

(2) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

    (a) for legal services rendered or to be rendered in contemplation of and in connection
       with this case                                                   $_____1,200.00

    (b) prior to filing this statement, debtor(s) have paid             $_____1,200.00

    (c) the unpaid balance due and payable is                   $_____0.00

(3) $_____299.00 of the filing fee in this case has been paid.

(4) The services rendered or to be rendered include the following:

    (a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining
       whether to file a petition under Title 11, United States Code.

    (b) Preparation and filing of the petition, schedules of assets and liabilities, statement of affairs, and
       other documents required by the court.

    (c) Representation of the debtor(s) at the first meeting of creditors.

(5) The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for
services performed, and *

     **NONE**

(6) The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if
any, will be from earnings, wages and compensation for services performed, and

     **NONE**

(7) The undersigned have not shared or agreed to share, with any other person, other than with members of their
law firm or corporation, any compensation paid or to be paid except as follows:

     **NONE**


    Dated:_____                _____
                                         Attorney for Debtor(s)

* If a fee is paid by transfer of property or if security is taken, give details here and in appropriate section of
Schedules or Statement of Affairs.

## UNITED STATES BANKRUPTCY COURT

### Northern District
### Eastern Division

In re: Najdowski, William C.  
    XXX-XX-9483

Case No. _____  
Chapter  7

# Chapter 7 Individual Debtor's Statement of Intention

1. I, the debtor, have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. My intention with respect to the property of the estate which secures those consumer debts is as follows:

| A. Property to Be Surrendered. | |
|---|---|
| Description of Property | Creditor's name |
| 1. NONE | |

| B. Property to Be Retained. | | | | |
|---|---|---|---|---|
| Description of property | Creditor's name | Debt will be reaffirmed pursuant to §524(c) | Property is claimed as exempt and will be redeemed pursuant to §722 | Lien will be avoided pursuant to §522(f) and property will be claimed as exempt |
| 1. 925 Oakton Street Park Ridge, IL 60068 | GMAC Motgage | X | | |
| 2. 925 Oakton Street Park Ridge, IL 60068 | Indymac Bank | X | | |

3. I understand that § 521(2)(B) of the Bankruptcy Code requires that I perform the above stated intention within 45 days of the filing of this statement with the court, or within such additional time as the court, for cause, within such 45-day period fixes.

Dated: _12_/_16_/_2008_        Signed: _William C. Najdowski_  
                                         William C. Najdowski

B 201 (04/09/06)

# UNITED STATES BANKRUPTCY COURT

# NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer
I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____

Printed name and title, if any, of Bankruptcy Petition Preparer

Address:

_____

X_____
Signature of Bankruptcy Petition Preparer or officer,
principal, responsible person, or partner whose Social
Security number is provided above.

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

### Certificate of the Debtor
I (We), the debtor(s), affirm that I (we) have received and read this notice.

William C. Najdowski
Printed Name(s) of Debtor(s)

X_____    12/16/2008
Signature of Debtor    Date

Case No. (if known) _____

X_____
Signature of Joint Debtor (if any)    Date